# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Tracy Werner,        Civ. No. 13-529 (RHK/JJK)

       Plaintiff,

v.        **ORDER**

Nott Company, a Minnesota
Corporation.

       Defendant.

---

Richard A. Williams, Jr., Esq., R.A. Williams Law Firm, P.A., counsel for Plaintiff.

Ansis V. Viksnins, Esq., and Malika Kanodia, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

This matter is before the Court on Plaintiff Tracy Werner's Motion to Amend the Complaint. (Doc. No. 13.) Based on the parties' submissions and arguments, together with all the pleadings, and other records in this case, the Court grants Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED** that:

     1.      Plaintiff's Motion to Amend Complaint (Doc. No. 13), is **GRANTED**;

     2.      On or before **June 10, 2013**, Plaintiff shall file an Amended Complaint in the form attached as Exhibit A-1 to Plaintiff's Memorandum in Support of the Motion to Amend the Complaint; and

     3.      The following memorandum is incorporated in this Order by reference.

Date: June 5, 2013

        *s/Jeffrey J. Keyes*
        JEFFREY J. KEYES
        United States Magistrate Judge

**MEMORANDUM**

**I.**    **FACTS**

Plaintiff Tracy Werner asks the Court's leave to amend her original Complaint to add a new claim. Werner commenced this lawsuit on February 19, 2013, in Minnesota District Court for Ramsey County by serving a Summons and her original Complaint. (Doc. No. 1, Attach. 1.) In her original Complaint, Werner alleged that she was employed as a sales representative by Defendant Nott Company ("Nott") from July 5, 2006, through April 19, 2011. (Doc. No. 1, Attach. 1 at 3–10, Compl. ¶¶ 7, 29.) Werner asserted that she was diagnosed with Multiple Sclerosis ("MS") in January 2009 and that "[Nott] was made aware of the diagnosis shortly after it was made." (*Id.* ¶¶ 8–9.) Despite experiencing symptoms of MS, and being advised by her doctor to work less, she alleged that her supervisor at Nott eventually directed her to work overtime to help other employees catch up on their work. (*Id.* ¶¶ 13–15.) Werner also alleged that her supervisor told her that "regardless of her condition, if he wanted her to work overtime, she would have to do so." (*Id.* ¶ 17.)

In her original Complaint, Werner asserted that her supervisor wrote her up for purported "unprofessional conduct" stemming from an incident in which she manifested symptoms of her MS. (*Id.* ¶¶ 20–21.) Following this incident, Werner

2

informed her supervisor about the type of behavior that can directly result from MS when a person with the condition is under stress. (*Id.* ¶ 24.) Then a representative of Nott's human resources department asked Werner whether she needed an accommodation, and Werner told the representative that she should not be working overtime due to her MS, and relayed her supervisor's earlier message that she would be required to work overtime regardless of her condition. (*Id.* ¶¶ 25–26.) The human resources representative told Werner that if she requested an accommodation for her job that "did not work," she might "lose her job just as someone could who had frequent absences due to illness." (*Id.* ¶ 28.)

Finally, Werner alleged that Nott terminated her employment when she went to its human resources department to discuss issues with her MS. Her supervisor said that the reason she was being fired was that she talked too loudly during a conversation with a sales person for whom Werner provided administrative support. (*Id.* ¶ 29.) Based on these allegations, Werner initially asserted disability discrimination claims under the federal Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA"). (*Id.* ¶¶ 35–54.)

After Werner filed her case in state court, Nott removed it to this District on March 6, 2013. (Doc. No. 1, Not. of Removal ¶¶ 4–6 (citing 28 U.S.C. §§ 1331, 1441(a) and (c)). On May 15, 2013, Werner filed and served her pending Motion to Amend the Complaint. (Doc. No. 13.) In her Proposed Amended Complaint,

Werner repeats all the factual allegations from her original Complaint.  She proposes two of the original paragraphs with the assertion that Nott "<u>failed to engage in an interactive process with [Werner] regarding accommodation or to otherwise</u> reasonably accommodate [her] disability."  (Doc. No. 16, Attach. 1, Proposed Am. Compl. ¶¶ 28, 41 (underlining in original to highlight proposed new allegations).)  Nott does not object to these proposed amendments.  (Doc. No. 17, Def.'s Mem. in Opp'n to Pl.'s Mot. to Am. Compl. ("Def.'s Mem.") 1 n.1 ("Nott Company does not object to the amendment of the Complaint to add allegations to paragraphs 28 and 41.").)

Nott does, however, oppose Werner's request for leave to add a third claim under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) ("FMLA"), which she contends is supported by the factual allegations in the original Complaint.   In the proposed FMLA claim, Werner asserts that Nott interfered with her exercise of her FMLA rights "<u>by discouraging her from exercising her right to medical leave as a result of her multiple sclerosis.</u>"  (Proposed Am. Compl. ¶ 56 (underlining in original to highlight proposed new allegations).)  Nott opposes giving Werner leave to amend her Complaint to add the FMLA claim on grounds that the amendment is futile.  (Def.'s Mem. 4–5.)

## II.  DISCUSSION

### A.  Legal Standard

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the

opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend rests in the discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). The amendment may be denied when it would not withstand a motion to dismiss and is thus futile. *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998) (stating that a futility challenge to a motion to amend a complaint is successful where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted"); *see also Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (stating that a motion to amend is futile if the amended complaint would not survive a motion to dismiss).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556.

5

## B. Analysis

As noted above, Nott contends that Werner's proposed amendment is futile. Specifically, Nott contends that the allegations in Werner's Proposed Amended Complaint could not withstand a motion to dismiss because she does not allege that she provided any reasonable notice to her employer that she needed FMLA-qualifying leave. (Def.'s Mem. 5.) In other words, Nott argues that the Proposed Amended Complaint lacks any factual allegations that Werner ever asked for time off work due to her MS or that Werner otherwise made Nott aware that she intended to take leave. Werner, on the other hand, argues that because she alleged that she was diagnosed with MS, that Nott was aware of that diagnosis, and that she was unable to "continue working overtime hours upon [the] recommendation of her physician," she has pleaded enough facts in her original Complaint to support an additional claim under the FMLA. (Doc. No. 16, Pl.'s Mem. in Supp. of Mot. to Am. Compl. 2.)

Although it was addressing a challenge to a district court's decision on summary judgment, the Eighth Circuit's opinion in *Phillips v. Mathews*, 547 F.3d 905 (8th Cir. 2009), describes the notice requirement for FMLA claims under 29 U.S.C. § 2615(a). "There are two types of claims under the FMLA: (1) 'interference' or '(a)(1)' claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) 'retaliation' or '(a)(2)' claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights." *Phillips*, 547 F.3d at

909 (quotations omitted). Werner proposes amending her Complaint to add an "interference" claim. (Proposed Am. Compl. ¶¶ 56–57 (asserting that Nott discouraged Werner from exercising her right to take leave due to her MS and citing 29 U.S.C. § 2615(a)(1)).)

An "interference" claim "merely requires proof that the employer denied the employee his entitlements under the FMLA[.]" *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006). Some district courts in the Eighth Circuit break the required proof of such claims into the following five elements: (1) the plaintiff was an eligible employee, 29 U.S.C. § 2611(2); (2) the defendant was an employer, 29 U.S.C. § 2611(4); (3) the plaintiff was entitled to FMLA leave, 29 U.S.C. § 2612(a)(1); (4) the plaintiff gave the defendant notice of her intent to take FMLA leave, 29 U.S.C. § 2612(e)(1); and (5) the defendant denied the plaintiff's FMLA benefits to which she was entitled. *See, e.g.*, *Beekman v. Nestle Purina Petcare Co.*, 635 F. Supp. 2d 893, 909 (N.D. Iowa 2009).

The key issue here is whether Werner's Proposed Amended Complaint adequately alleges facts relating to the element of notice to her employer. "[T]o state a claim for interference under the FMLA, [a plaintiff] must have given notice of her need for FMLA leave." *Phillips*, 547 F.3d at 909. "This ordinarily means at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee." *Id.* (quotations omitted). The employee need not invoke the FMLA by name to notify her employer that the her need to miss work could implicate the FMLA. *Id.* (citing *Thorson v. Gemini,*

7

*Inc.*, 205 F.3d 370, 381 (8th Cir. 2000)). An employer's obligation to provide the statutorily required leave arises "when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave." *Id.* (quotations omitted). "Whether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury." *Id.*

Although Werner does not plead the allegations in the Proposed Amended Complaint concerning her notification of a leave request with particularity, neither Rule 8 nor Rule 15 requires specificity. Those Rules instead require Werner to put Nott on notice of what her FMLA claim comprises. Her allegations reasonably give Nott notice that she is claiming she informed her employer that she had been diagnosed with the serious condition of MS and that diagnosis required her hours at work to be limited to a regular forty-hour workweek without overtime. Reading her amended pleading liberally, as we must when applying the standards of Rule 15(a) and when determining whether a pleading fails to state a claim, Werner adequately alleges that Nott interfered with her invocation of FMLA rights by discouraging her from obtaining a limited, no-overtime schedule even after she informed her supervisor that her MS demanded such a reduced-schedule restriction.[1] Of course, it is possible that discovery may

---

[1] Werner's alleged termination after notifying Nott of her MS-based need to avoid working overtime could also potentially qualify as interference under the FMLA. *See Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 806 (8th Cir.

(Footnote Continued on Following Page)

unearth evidence that Werner's invocation of her FMLA rights was not legally sufficient to trigger her employer's obligations under the statute, or that Nott never interfered with Werner's statutory rights at all. But we are concerned here only with the question whether Werner's proposed FMLA claim is futile, and the allegations in the Proposed Amended Complaint show that it is not.[2]

In its opposition to the motion, Nott also argues that the facts alleged in the Proposed Amended Complaint do not adequately support an FMLA-interference claim because Werner's actions do not suggest that she "wanted or needed a medical leave or any type of leave of absence from work[.]" (Def.'s Mem. 5.) In other words, Nott contends that Werner's claim is futile because her request

---

(Footnote Continued from Previous Page)
2013) ("Termination in response to a qualifying employee's assertion of rights may qualify as interference.").

[2] Neither *Sanders v. May Dep't Stores Co.*, 315 F.3d 940 (8th Cir. 2003), nor *Kobus v. College of St. Scholastica, Inc.*, Civ. No. 07-3881, 2009 WL 294370 (D. Minn. Feb. 5, 2009), on which Nott relies to support its argument support a conclusion that Werner failed to adequately plead notice that would withstand a motion to dismiss. While both cases recognize that the FMLA requires an FMLA claimant to give her employer notice of her intent to take leave under the FMLA, neither case involves analogous facts to those Werner has pleaded here. And, more importantly, neither says a thing about what an FMLA claimant must allege regarding notice in a complaint to overcome a futility challenge or a motion to dismiss under Rule 12(b)(6). *Sanders*, 315 F.3d at 943–44 (concluding that the district court properly denied a claimant's motion for judgment as a matter of law where a reasonable jury could conclude that the plaintiff failed to request FMLA leave based on evidence presented at trial that the plaintiff hesitated to invoke FMLA out of privacy concerns for disclosing her qualifying medical condition to her employer); *Kobus*, 2009 WL 294370, at *4 (concluding that summary judgment against an FMLA plaintiff was appropriate where the evidence showed that the plaintiff wavered about the possibility of completing required FMLA documentation).

9

for a no-overtime schedule restriction is a legally insufficient request for "leave" and does not trigger the FMLA's protections. But Werner's request that her hours be restricted to forty hours per week may qualify as a request for "leave" for purposes of her FMLA interference claim. The type of leave that may be taken under the FMLA is not limited to a request for a "leave of absence" or a block of days off work; it may also include a request to take leave "intermittently or on a reduced leave schedule" when such leave is "medically necessary." *Verhoff v. Time Warner Cable, Inc.*, 299 F. App'x 488, 495–96 (6th Cir. 2008) (citing 29 U.S.C. § 2612(b)(1) and 29 C.F.R. § 825.203(a)) ("A reduced leave schedule is a leave schedule that reduces an employee's usual number of working hours per workweek, or hours per workday."); *id.* (concluding that the plaintiff established a prima facie case for FMLA-interference where he presented a doctor's note indicating that he should not work more than forty hours per work week).

For all these reasons, the Court concludes that Werner's proposed addition of an FMLA interference claim is not futile and grants Werner's Motion to Amend the Complaint.

**JJK**